UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROOSEVELT JACKSON | CRIMINAL ACTION NO. 03-50045-01 |
| VERSUS | CIVIL ACTION NO. 06-1227 |
| UNITED STATES OF AMERICA | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before the Court is Roosevelt Jackson's ("Jackson") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  For the reasons set forth herein, Jackson's motion is **DENIED**.

**I.      FACTUAL BACKGROUND.**

Drug enforcement officers began investigating Jackson when they were informed by a cooperating individual ("CI") that Jackson was an ounce quantity distributor of crack cocaine.  On January 10, 2002, a drug enforcement officer and the CI went to Jackson's home at 4221 Evers Street in Shreveport, Louisiana.  Jackson asked the CI if he wanted to complete a previously discussed transaction for crack cocaine.  The CI indicated that he wanted to purchase the crack cocaine, and Jackson went back inside his residence. When Jackson reappeared, he came outside with a bag containing crack cocaine. Jackson sold the drugs to the CI for the agreed upon price of $700.

On January 22, 2002, the CI and Jackson reached another agreement for a drug transaction, this time for the purchase of 62 grams of crack cocaine.  The CI and the same drug enforcement agent went to Jackson's Evers Street home.  Jackson approached the CI and asked him how much he wanted to buy.  The CI replied, "two of them."  At that point, Jackson invited the CI and the agent inside his residence.  The CI remained outside

the residence while the agent went inside to complete the transaction.  The agent paid Jackson $1400 for slightly over 62 grams of crack cocaine.

On April 30, 2002, law enforcement officers executed a search warrant at Jackson's Evers Street residence.  Eighteen grams of crack cocaine, along with two semi-automatic pistols and a box of .38 caliber ammunition, were seized pursuant to the execution of the search warrant.  The total amount of crack cocaine purchased or seized as a result of all three occasions totaled 112.9 grams.

## II.    PROCEDURAL BACKGROUND.

On April 22, 2003, a federal grand jury returned a two count indictment against Jackson.  Count one charged him with distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base on or about January 10, 2002. Count two charged him with distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base on January 22, 2002.  On June 23, 2003, Jackson plead guilty to count two of the indictment.

Based on the total 112.9 grams of crack cocaine, Jackson's offense level was 32. The pre-sentence investigation report provided for a two level enhancement to level 34 pursuant to U.S.S.G. § 2D1.1(b)(1) for Jackson's possession of the firearms seized on April 30, 2002. After a three-point reduction for acceptance of responsibility, the total base offense level was 31.  On November 20, 2003, Jackson was sentenced to 188 months imprisonment, to run concurrently with the sentence he was serving on a state conviction. Jackson appealed his conviction.

On July 14, 2004, the Fifth Circuit rendered judgment affirming Jackson's conviction. On January 25, 2005, the United States Supreme Court granted Jackson's petition for

certiorari and remanded for reconsideration in light of <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005). On July 14, 2005, the Fifth Circuit rendered a judgment on remand holding that Jackson was not entitled to relief under <u>Booker</u>. On November 28, 2005, the United States Supreme Court denied Jackson's petition for certiorari. On July 19, 2006 he instituted the present action for relief pursuant to 28. U.S.C. § 2255.

## III.    LAW AND ANALYSIS.

Jackson contends that he is entitled to relief under 28 U.S.C. § 2255 due to ineffective assistance of counsel. He argues that his appointed counsel failed to raise the argument that his sentence was enhanced based on the possession of the firearm despite the fact that he was not charged with and did not plead guilty to the firearm offense.

Ineffective assistance of counsel claims may be considered in a claim made pursuant to 28 U.S.C. § 2255. <u>See</u> <u>United States v. Gaudet</u>, 81 F.3d 585, 589 (5th Cir. 1996); <u>United States v. Navejar</u>, 963 F.2d 733, 735 (5th Cir. 1992). In order to successfully prove a claim of ineffective assistance of counsel, Jackson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984); <u>Bryant v. Scott</u>, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). When applying the first prong of the <u>Strickland</u> analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. <u>See</u> <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065. Jackson may only overcome this presumption by showing that under the "totality of the circumstances," the attorney's performance was outside the wide range of professionally competent assistance. <u>Id.</u> at 690, 104 S.Ct. at 2066.

Under the second prong of the <u>Strickland</u> test, Jackson must show, "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068.  In order to establish prejudice under the second prong, Jackson must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." <u>United States v. Saemz-Forero</u>, 27 F.3d 1016, 1019 (5th Cir. 1994); <u>Carter v. Johnson</u>, 110 F.3d 1098, 1110 (5th Cir. 1997); <u>Murray</u>, 736 F.2d at 282.

The prongs of the <u>Strickland</u> test need not be analyzed in any particular order. <u>See Goodwin v. Johnson</u>, 132 F.3d 162, 173 n. 6 (5th Cir. 1998); <u>Murray</u>, 736 F.2d at 282. If Jackson fails to satisfy either prong of the <u>Strickland</u> test, then his claim of ineffective assistance of counsel must fail. <u>See</u> <u>Tucker v. Johnson</u>, 115 F.3d 276, 289 (5th Cir. 1997); <u>Bryant</u>, 28 F.3d at 1415; <u>Williams v. Collins</u>, 16 F.3d 626, 631 (5th Cir. 1994).

In both his motion for relief and his reply memorandum, Jackson argues that his sentence was improperly enhanced under the holdings of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005).  The crux of his argument is that his counsel should have raised an objection to the enhancement of his sentence for the firearm possession in connection with the seizure of the crack cocaine on April 30, 2002 based on the holding of <u>Apprendi</u>.

The Court finds that Jackson's argument is without merit.  At the time that Jackson was sentenced by this Court, <u>Apprendi</u> would not have afforded Jackson with any relief

because the Fifth Circuit had previously held that Apprendi was only applicable when factors not plead guilty to nor presented to a jury were used to enhance a defendant's sentence **beyond** the statutory maximum. See  e.g. United States v. Fort, 248 F.3d 475 (5th Cir. 2001); United States v. Salazar-Flores, 238 F.3d 672 (5th Cir. 2001); United States v. Doggett, 230 F.3d 160 (5th Cir. 2000); United States v. Keith, 230 F.3d 784 (5th Cir. 2000).  Here, Jackson plead guilty to an offense involving more than fifty grams of cocaine base.  The imprisonment range for such an offense is not less than 10 years and **not more than life**.  See 21 U.S.C. § 841(b)(1).  Thus, any argument by Jackson's counsel that his sentence was improperly enhanced under Apprendi would have been frivolous and without merit.  An attorney's assistance cannot be ineffective for failing to raise a meritless claim.  See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990); Murray, 736 F.2d at 283.

Jackson also relies on Blakely and Booker; yet, at the time he was sentenced, neither case had been decided, and there was no reason for his counsel to raise such arguments. To find such an argument compelling would require this Court to hold that counsel should anticipate future developments in the law.  The Fifth Circuit has held that no such requirement exists.  See Ogan v. Cockrell, 297 F.3d 349, 360 (5th Cir. 2000).

## IV.   CONCLUSION.

The Court finds that Jackson has failed to overcome the presumption that his attorney's actions fell within the wide range of reasonable competence and trial strategy. The Court also finds that Jackson has failed to show that absent his attorney's alleged

errors, the result of the proceedings would have been different.

Accordingly,

**IT IS ORDERED** that Roosevelt Jackson's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 21st day of June, 2007.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE